UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 3:08-cv-00324 |
| PICASSO'S SPORTS CAFÉ, INC. d/b/a PICASSO'S SPORTS CAFÉ and DONALD F. BURGOON, | ) ) ) ) | |
| Defendants. | ) ) | |

## RESPONSE TO COMPLAINT

NOW COME DEFENDANTS Picasso's Sports Café, Inc. d/b/a Picasso's Sports Café and Donald F. Burgoon ("Defendants") and respond to the allegations contained in the Plaintiff's Complaint as follows:

1.  To the extent that the allegations in Paragraph 1 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, admitted.

2.  To the extent that the allegations in Paragraph 2 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, admitted.

3.  To the extent that the allegations in Paragraph 3 call for a legal conclusion, no response is required of the Defendant. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, admitted.

4.  The allegations contained in Paragraph 4 are denied due to a lack of sufficient information possessed by the Defendants.

5. Admitted.

## COUNT I

6. With respect to the allegations contained in Paragraph 6, all previous responses are realleged as if fully included herein.

7. Defendants are without sufficient information to admit or deny any of allegations in Paragraph 7 of the Complaint.

8. Defendants are without sufficient information to admit or deny any of allegations in Paragraph 8 of the Complaint.

9. Defendants are without sufficient information to admit or deny any of allegations in Paragraph 9 of the Complaint.

10. Denied.

11. Denied.

12. To the extent that the allegations in Paragraph 12 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

13. To the extent that the allegations in Paragraph 13 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

14. To the extent that the allegations in Paragraph 14 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

15. To the extent that the allegations in Paragraph 15 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

## COUNT II

16. With respect to the allegations contained in Paragraph 16, all previous responses are realleged as if fully included herein.

17. To the extent that the allegations in Paragraph 17 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

18. Denied.

19. To the extent that the allegations in Paragraph 19 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

20. To the extent that the allegations in Paragraph 20 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

21. To the extent that the allegations in Paragraph 21 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

22. To the extent that the allegations in Paragraph 22 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

23. To the extent that the allegations in Paragraph 23 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

## COUNT III

24. With respect to the allegations contained in Paragraph 24, all previous responses are realleged as if fully included herein.

25. Denied.

26. To the extent that the allegations in Paragraph 26 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

27. Denied.

28. To the extent that the allegations in Paragraph 28 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

29. To the extent that the allegations in Paragraph 29 call for a legal conclusion, no response is required of the Defendants. Subject to and without waiving any defenses, responses or objections raised herein and to the extent any additional response is required, denied.

### FIRST AFFIRMATIVE DEFENSE AND MOTION TO DISMISS

The claims in Plaintiff's Complaint should be dismissed, pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure, due to the fact that the allegations contained therein fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the equitable doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the equitable doctrines of waiver, estoppel and laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were the result of independent and intervening causes beyond Defendants' control.

WHEREFORE, Defendants pray as follows:

(1)  That all claims against it be dismissed;

(2)  That Plaintiff have and recover nothing of Defendants;

(3)  That the costs of this action be taxed to parties other than Defendants;

(4)  That all issues triable by a jury be so tried;

(5)  That Defendants have all other and further relief that this Court deems appropriate.

This the 11th day of September, 2008.

        s/William P. Bray
        William P. Bray, Esq.
        N.C. Bar Number 20494
        Attorney for *Defendants*
        The Bray Law Firm, PLLC
        4701 Hedgemore Drive, Suite 816
        Charlotte, NC 29209
        Phone: 704-523-7777
        Fax: 704-523-7780
        E-mail: wbray@braylaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within **RESPONSE TO COMPLAINT** was served on counsel for the plaintiff by email, addressed as follows:

>Rebecca A. Leigh
>Law Offices of Rebecca A. Leigh, P.C.
>301 South Greene Street, Suite 201
>Greensboro, NC 27401
>Email: Rebecca@leighlaw.com
>*Attorney for Plaintiff*

This the 11th day of September, 2008.

>s/William P. Bray
>William P. Bray